No. 24,285.

GEORGE O. LIMBAUGH, *Appellee*, v. CHARLES E. SCHAFF, as Receiver,
etc., *Appellant*.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion
denying a rehearing filed October 10, 1923. (For original opinion of reversal
see *ante*, p. 24.)

*W. W. Brown*, of Parsons, and *Douglas Hudson*, of Fort Scott, for the ap-
pellant.

*A. M. Keene*, and *Harry W. Fisher*, both of Fort Scott, for the appellee.

OPINION DENYING REHEARING.

The opinion of the court was delivered by

BURCH, J.: A petition for rehearing has been filed, the burden of
which is, this court believed certain testimony, disbelieved other tes-
timony, gave more weight to defendant's evidence than to plaintiff's,
and decided the case accordingly. The syllabus and the opinion are
clear refutations of the charge. The decision was rested solely
and explicitly on the findings of fact. In preparing the opinion, it
was necessary to choose between methods of stating the case. The
difference between the parties was literally the difference between
daylight and darkness, and the court chose to present the most im-
portant evidence in behalf of each. Out of the conflict in the evi-
dence emerged findings of fact which covered the material features
of the case, and in the course of the opinion these findings were
given their proper relation to the issues and the evidence. The court
then proceeded to dispose of the case on the findings of fact.

Assuming the court weighed the evidence, the petition challenges
the court's statement of evidence in certain particulars. It is said
recital of plaintiff's testimony regarding the time of the accident is
not correct. The recital follows faithfully the abstract and the
counter abstract. The question is asked why the court did not
quote the testimony of the fireman, that he could not see the auto-
mobile until he did see it. There is no such testimony in the ab-
stract or the counter abstract. These matters are referred to
simply in the interest of accuracy.

In the enumeration of grounds for rehearing, the petition charges
the court with erroneous calculation under the fourth finding of
fact. Discussing this ground, the petition merely says the evidence
proved the train was not in the range of vision. Correctness of the

Stamps v. Railroad Co.

computation itself is not disputed. The computation was based on the undoubted fact the train and the automobile met on the crossing. That being true, it was a simple matter to demonstrate plaintiff could have stopped in a place of safety after the train came into view.

Nothing else contained in the petition is of sufficient importance to require special mention.

The petition for rehearing is denied.